United States District Court
Southern District of Texas
**ENTERED**
February 27, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DAVID REYES, | § | |
| Petitioner, | § § § | |
| V. | § | CIVIL ACTION NO. 5:17-CV-62 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

## REPORT AND RECOMMENDATION

Petitioner David Reyes is a state inmate incarcerated at the H.H. Coffield Unit, Texas Department of Criminal Justice—Correctional Institutions Division. Pursuant to 28 U.S.C. § 2254, Reyes filed a pro se Petition for Writ of Habeas Corpus. (Dkt. 1). Pending before the Court is Respondent Lorie Davis's Motion for Summary Judgment. (Dkt. 16). Petitioner failed to file a response to Davis's motion. The Court interprets Petitioner's failure "as a representation of no opposition." S.D. Tex. L.R. 7.4. The Court has considered the parties' pleadings and the evidence of record. For the reasons set forth below, the Magistrate Judge will recommend that the District Court grant Respondent's Motion and deny the Petition.

### I. Background

On March 24, 2014, in the 341st Judicial District Court for Webb County, Texas, David Reyes pled guilty to a charge of aggravated assault with a deadly weapon. (Dkt. 1, Attach. 1 at 9). The court accepted the plea, found Reyes guilty, and subsequently sentenced him to a 25-year term of imprisonment. Reyes did not appeal his conviction. However, on January 29, 2015, he filed a state application for a writ of habeas corpus. On February 11, 2015, the Texas Court of Criminal Appeals ("TCCA") dismissed the application for non-compliance with the Texas Rules

of Appellate Procedure. On February 19, 2016, Reyes filed a second state habeas application. On March 30, 2016, the TCCA denied the application without written order.

## II. Allegations and Claims

Reyes filed the instant Petition on March 17, 2017. (Dkt. 1 at 14). In four grounds for relief, he raises the following claims: (1) he received ineffective assistance of counsel because his trial attorney failed to investigate his competency to stand trial or his sanity at the time of the offense; (2) he received ineffective assistance of counsel because his trial attorney failed to raise an insanity defense; (3) he received ineffective assistance of counsel because his trial attorney failed to assert that he was mentally incompetent to enter a guilty plea; and (4) he received ineffective assistance of counsel because his trial attorney failed to raise an intoxication defense.

Respondent argues that Reyes's habeas petition should be denied because the claims presented are time-barred, unexhausted and procedurally barred, or meritless. (Dkt. 16 at 1). The Court will address each of Respondent's arguments in turn.

## III. Analysis

### A. Petitioner's Claims are Time-Barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs Petitioner's claims. 28 U.S.C. § 2244. The AEDPA provides that those persons in custody pursuant to a state court judgment who wish to apply for a writ of habeas corpus must do so within one year of the latest of four possible dates. 28 U.S.C. § 2244(d)(1). Those dates include:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[1]

As Respondent succinctly establishes in her brief, (Dkt. 16), (B) does not apply here because the record does not show that an unconstitutional State action prevented Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, (C) does not apply here because Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive on collateral review. While Petitioner argues that (D) and not (A) should apply, (Dkt. 2 at 5), the Court will now address why Petitioner is mistaken.

### 1. Petitioner Presents No New Evidence

Petitioner argues that (D) applies because he received mental health records in May 2016 and "it has been through due diligence that this newly discovered evidence has been obtained." (*Id.*). However, Petitioner confuses his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim—Section 2244(d)(1)(D) does not convey a statutory right to an extended delay while a habeas petitioner "gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Petitioner's brief in support of his petition evidences that Petitioner knew the factual predicate of his claim because he states that he informed trial counsel of his medical history, including the mental health records at issue. (Dkt. 2 at 8).[2] Even if the Court were to ignore Petitioner's admission, the state habeas record contains the medical records

---

[1] 28 U.S.C. § 2244(d)(1)(A)-(D).
[2] "Reyes made it known to his trial counsel . . . that he made a mental history problem . . . Reyes informed his counsel that his family could provide the hospitals information and he wanted him to check it out so that he can get help."

at issue as early as December 2014, (Dkt. 17, Attach. 4 at 34-36), and July 2015, (Dkt. 17, Attach. 3 at 35-39).

Finding (B)-(D) inapplicable here, the Court applies 28 U.S.C. § 2244(d)(1)(A). The trial court sentenced Petitioner on March 25, 2014. (Dkt. 17, Attach. 3 at 1). Petitioner never filed a direct appeal, so his conviction became final when the time for filing a direct appeal expired, which was thirty days later, on April 24, 2014. *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012); Tex. R. App. Proc. 26.2. Consequently, were Petitioner to timely file a writ of habeas corpus, he would have had to file by April 24, 2015, absent statutory tolling. 28 U.S.C. § 2244(d). The Court will now address Respondent's argument that Petitioner's state habeas applications did not toll the limitations period.

### 2. Petitioner Cannot Avail Himself of Statutory Tolling

Before analyzing Respondent's argument concerning statutory tolling, the Court first establishes the relevant facts. On December 4, 2014, Petitioner's cousin, Roberto Guzman, filed a state habeas application challenging the conviction on Petitioner's behalf. However, on February 11, 2015, the Texas Court of Criminal Appeals dismissed the application for failing to comply with Texas Rule of Appellate Procedure 73.1. (Dkt. 17, Attach. 3 at 19-21). On July 29, 2015, Petitioner filed an "Ex Parte Petition," but the court never considered the petition because he failed to file the correct form, (*Id.* at 24-33, 49-52). On January 8, 2016, Guzman again filed a state habeas application, (Dkt. 17, Attach. 8 at 12-34), but the Texas Court of Criminal Appeals denied the application without written order on March 30, 2016, (Dkt. 17, Attach. 5). Petitioner filed the instant federal petition on March 24, 2017. (Dkt. 1).

None of Petitioner's applications tolled the limitations period. Petitioner's February 2015 application does not toll the limitations period because it failed to comply with Texas Rule of

Appellate Procedure 73.1.[3] Petitioner's July 2015 application does not toll the limitations period because he failed to file the correct form and, even if correctly filed, the application would have been filed after the limitations period expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner's January 2016 and March 2017 applications do not toll the limitations period because he filed the applications well after the limitations period expired. Consequently, Petitioner cannot avail himself of statutory tolling.

Finding Petitioner's arguments concerning new evidence and statutory tolling unpersuasive, the Court will now address equitable tolling.

### 3. Petitioner Cannot Avail Himself of Equitable Tolling

Respondent argues that Petitioner "fails to prove facts that would support equitable tolling sufficient to render his petition timely." (Dkt. 16 at 8). Conversely, Petitioner argues that he can avail himself of equitable tolling due to mental incompetence and mental illness during the limitations period. (Dkt. 2 at 2-5). The Court finds Respondent's argument persuasive.

The Supreme Court has held that § 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available only in "rare and exceptional circumstances"[4] and "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his

---

[3] Davis v. Quarterman, 342 F. App'x 952, 953 (5th Cir. 2009) (holding that an application that fails to comply with Texas Rule of Appellate Procedure 73.1 is not properly filed and does not toll the limitations period).

[4] Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1999).

rights."[5] The petitioner bears the burden of establishing that he has met the two elements entitling him to equitable tolling. *Pace*, 544 U.S. at 418.

While the Fifth Circuit recognizes that "mental illness may warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that his incompetence affected his ability to file a timely habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). "Courts within the Fifth Circuit have denied equitable tolling to petitioners claiming mental incapacity . . . because they do not plead, or adduce facts sufficient to support their claims of incapacity." *Boothe v. Quarterman*, No. C-06-221, 2007 WL 2908802, at *13 (S.D. Tex. Oct. 5, 2007). Courts have been particularly weary of finding an evidentiary burden met where the petitioner offers little more than conclusory assertions or relies on older medical records outside the appropriate timeline. *See Hennington v. Johnson*, No. 4:00-CV-0292-A, 2001 WL 210405, at *4 (N.D. Tex. Feb. 28, 2001); *Rowe v. Maine*, 324 F. Supp. 2d 238, 240-42 (D. Me. 2004).

Bearing the burden of meeting the above requirements, Petitioner submitted medical records from 2010, (Dkt. 2, Attach. 1) and claimed to suffer from mental illness between March 2014 and April 2015, (Dkt. 2 at 6). Medical records showing mental illness prior to the limitations period do not warrant equitable tolling because they do not show mental incompetence that impeded Petitioner from filing.[6] Moreover, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). As Respondent argues, even assuming Petitioner was mentally incompetent between March 2014 and April 2015, that still leaves

---

[5] Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).
[6] See Ancira v. Davis, No. A-16-CA-00429-SS, 2016 WL 7189860, at *3 (W.D. Tex. Dec. 9, 2016).

almost two years unaccounted for between April 2015 and the filing of his federal habeas petition in March 2017. (Dkt. 16 at 12). Consequently, Petitioner cannot avail himself of equitable tolling.

Finding Petitioner's claims time-barred, the Court will now address Respondent's arguments concerning the merit of Petitioner's first and third claims.

### B. In the Alternative, Petitioner's First and Third Claims are Meritless

Respondent asserts that, even if the petition at issue is not time-barred, Petitioner's first and third claims fail to overcome AEDPA's deferential standard of review and are meritless. (Dkt. 16 at 12). Petitioner's first claim is that trial counsel was ineffective for failing to investigate competency. (Dkt. 2 at 7-9). Petitioner's third claim is that trial counsel was ineffective for failing to raise the issue of his competency. (*Id.* at 12-15).

#### 1. The AEDPA's Standard of Review is Highly Deferential

First, the Court notes that the AEDPA imposes a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997). "Section 2254(d) reflects the view that habeas corpus is 'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)). The Act "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

A federal court may grant relief if one of two conditions is present. The first occurs where the state court either (a) adjudicated a constitutional claim contrary to clearly established federal law as determined by the Supreme Court or (b) unreasonably applied the same.

*Harrington*, 562 U.S. at 100-01. The second occurs where the state court based its decision on an unreasonable determination of facts in light of the record. *Id.*

With respect to the first condition, a state court decision can be "contrary to established federal law" if the state court applies a rule that contradicts Supreme Court precedent or confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent but reaches an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2002). "A decision unreasonably applies federal law when it 'identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case.'" *Reed v. Quarterman*, 504 F.3d 465, 471 (5th Cir. 2007) (quoting *Taylor*, 529 U.S. at 412-13). The Court's "focus on the 'unreasonable application' test . . . should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 87 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Section 2254(d)(2) limits a federal court's review of a state court's merits adjudication for reasonableness to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The Court will now apply these well-established legal principles to Petitioner's first and third claims. In doing so, it will determine whether there is any merit to the claim and whether the claims overcome AEDPA's deferential standard of review.

### 2. Petitioner's First and Third Claims Lack Merit and Fail the AEDPA Standard of Review

In *Strickland v. Washington*, the Supreme Court established a two-part test for ineffective assistance of counsel claims and that same test applies to ineffective assistance claims arising out

of the plea process. *United States v. Kayode*, 777 F.3d 719, 723 (5th Cir. 2014) (citing 466 U.S. 668 (1984)). Accordingly, Petitioner must first show that his counsel's performance fell below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688-89 (1984). If Petitioner is able to show deficient performance, he must then "show that there is a reasonable probability that but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Where, as here, the claim concerns failure to raise competency, it follows that prejudice is shown with a reasonable probability that but for counsel's error, he would have been declared incompetent. *See Felde v. Butler*, 817 F.2d 281, 282 (5th Cir. 1987).[7]

Petitioner bears the burden of demonstrating "by a preponderance of the evidence" that his attorney's performance was deficient and that the deficient performance prejudiced his defense and "led to a trial whose result is unreliable." *United States v. Royal*, 149 F.3d 1175 (5th Cir. 1998) (citing *Strickland*, 466 U.S. at 687-91). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). Petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 at 687. "[S]trict adherence to the Strickland standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S. 115, 125 (2011).

In reviewing Petitioner's first and third claims, the Court recognizes additional and equally significant hurdles Petitioner must overcome. First, the bar for competency is not particularly high. In fact, a defendant is competent to stand trial when he has a "sufficient

---

[7] "Felde will satisfy the 'prejudice' prong of the Strickland . . . test only if he demonstrates that there is a reasonable probability that but for [trial counsel's] failure to seek a competency hearing, he would have been found incompetent to stand trial at the sentencing phase."

present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)). This low bar is particularly relevant to the second prong of the *Strickland* test regarding the prejudicial effect of deficient performance, because even if Petitioner can show deficient performance such performance may have little effect on the result if the record shows that Petitioner rationally understood his consultations with counsel and rationally and factually understood the proceedings. Second, previous mental problems, standing alone, are insufficient to warrant a finding of incompetency in fact. *Bouchillon v. Collins*, 907 F.3d 589, 593 (5th Cir. 1990). This second hurdle is particularly relevant to the first prong of the *Strickland* test because it suggests the Court may need more than old medical records to find deficient performance. Finally, a federal habeas court must determine that factual conclusions are not "fairly supported by the record" before undertaking to overturn them. *Maggio v. Fulford*, 462 U.S. 111, 117 (1983) (citing 28 U.S.C. § 2254(d)(8)). This last hurdle is relevant to the Court's review of the record before the state habeas.

In support of his first and third claims, Petitioner contends that he is "a schizophrenic" and "borderline retarded with an IQ of 77." (Dkt. 2 at 3). Petitioner also contends that he suffers from "mood swings," "depression," "mania," and "paranoia." *Id.* Furthermore, Petitioner claims that he informed his counsel that he had been in and out of mental hospitals and pleaded with his counsel to "get his psyche medication because the medical department in the county jail" would not give it to him. (*Id.* at 8). Petitioner concludes that had his counsel investigated his "chronic mental history" and sought the assistance of an expert to evaluate his mental state to determine

whether he was insane at the time of the offense, it "would have changed the outcome of the trial proceeding." (*Id.* at 9).

In her motion for summary judgment, Respondent argues that Petitioner fails the first prong of the *Strickland* test because Petitioner "has not presented any actual evidence of deficient performance other than self-serving allegations" and thus "failed to actually prove that his attorney's representation was deficient. (Dkt. 16 at 17). Respondent also argues that Petitioner fails the second prong of the *Strickland* test "because the evidence offered does not show a reasonable probability that he would have been declared incompetent to stand trial or plead guilty." (*Id.*).

Petitioner offers little evidence that his attorney's performance was deficient. On the contrary, the record shows that Petitioner and his counsel shared a cooperative, consultative relationship and that Petitioner demonstrated sufficient competency to testify himself during the punishment phase. (Dkt. 17, Attach. 3 at 12-13). As Respondent notes, "all Reyes offers as proof of his incompetency [are] some meager records from 2010, years before his plea, that he had been diagnosed schizoaffective disorder. (*Id.* at 19). While Petitioner argues that a criminal defense attorney has a duty to investigate a client's mental history when it becomes clear that the client is suffering from mental difficulties, the state habeas record shows that Petitioner was able to consult with his attorney and answer questions and relate facts. (*Id.* at 12-13, 40-46). Not unlike the petitioner in *United Stations v. Faubion*, a case in which the Fifth Circuit found a psychiatric evaluation years before the offense charged "too temporarily attenuated to be meaningful" given her "good communicative skills," Petitioner here "fail[s] to demonstrate how [his] attorney's alleged failure to further investigate [his] competency rises to the level of deficient performance." 19 F.3d, 226, 231 (5th Cir. 1994). Consequently, the Court finds that

Petitioner's contentions fail to rise above the level of "[m]ere conclusory allegations." *Green*, 160 F.3d at 1042.

Even if the Court were to find deficient performance, Petitioner cannot show "a reasonable probability that but for counsel's error, he would have been declared incompetent." *Felde*, 817 F.2d at 282. Tex. Code Crim. Proc. Ann. art. 46B.003 provides that "a defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." To his credit, Petitioner submitted records of "his prior mental history years before the instant matter" and argues that had his counsel "conducted an independent investigation, he would have been able to provide the trial court with evidence that his client suffers from and [sic] intensive mental history." (Dkt. 2 at 8). However, Petitioner fails to address subsection (a) of 46B.003, which provides that "[a] person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." The Court has already established that Petitioner's 2010 records do not by themselves prove an inability to do those things in 46(B).003(1) and (2)[8] and that, in fact, the record shows that Petitioner himself admitted that he was able to consult with his attorney, answer questions, and relate facts and testified during the punishment phase.[9]

Furthermore, while Petitioner argues that he was not properly admonished and did not know the nature of his offense, written admonishments were filed and admitted into evidence and there is no evidence that Petitioner lacked a factual understanding of the proceedings against

---

[8] *Bouchillon*, 907 F.3d at 593.
[9] (Dkt. 17, Attach. 3 at 13).

him. (Dkt. 17, Attach. 3 at 12-13). Accordingly, the Court finds that Petitioner cannot show prejudice and thus his claims fail the second prong of the *Strickland* test.

The Court acknowledges that the state habeas court has already considered whether Petitioner's counsel was ineffective for failing to investigate and raise the issue of competency and declined to provide relief. (Dkt. 17, Attach. 5). In doing so, the Court also recognizes that such a finding is presumed correct. 28 U.S.C. § 2254(e). The little evidence Petitioner offers to support an argument of deficient performance and prejudice fails to overcome the presumption. Moreover, as Respondent notes, the state court's ruling was consistent with prior decisions from the Fifth Circuit,[10] and Petitioner fails to establish that the state court's findings of fact or conclusions of law were contrary to, or an unreasonable application of, Supreme Court precedent with respect to his first and third claims. Consequently, the Court finds that those claims lack merit and fail the AEDPA standard of review.

Finding Petitioner's first and third claims meritless, the Court will now address Respondent's arguments concerning Petitioner's second and fourth claims.

## C. In the Alternative, Petitioner's Second and Fourth Claims are Unexhausted, Procedurally Barred, and Meritless

Respondent asserts that, even if the petition at issue is not time-barred, Petitioner's second and fourth claims are unexhausted and procedurally barred and meritless. (Dkt. 16 at 23). Petitioner's second claim is that trial counsel was ineffective for failing to raise an insanity defense. (Dkt. 2 at 10). Petitioner's fourth claim is that trial counsel was ineffective for failing to raise an intoxication defense. (*Id.* at 16). The Court will address Respondent's assertions in turn.

---

[10] *See* Huricks v. Thaler, 417 F. App'x 423, 428 (5th Cir. 2011) (holding that the petitioner, who suffered from schizophrenia and low IQ, failed to meet § 2254(e)(1) standard or show reasonable probability that he was mentally incompetent because he did not show that his condition rendered him unable to meet the competency standard).

### 1. Petitioner's Second and Fourth Claims are Unexhausted and Procedurally Barred

Respondent argues that Petitioner's second and fourth claims are unexhausted and procedurally barred because they were not properly raised before the Texas Court of Criminal Appeals and would now be barred as an abuse of the writ. (Dkt. 16 at 23). The Court agrees.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." In order to satisfy this exhaustion requirement, "[a]n applicant must fairly apprise the highest court of his state of the federal rights which were allegedly violated,"[11] and all the grounds raised in a federal application for writ of habeas corpus must have been "fairly presented" to the state courts prior to being presented to the federal courts.[12] A reflection of federal-state comity, this policy gives the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Picard*, 404 U.S. at 275. Multiple, distinct claims of ineffective assistance of counsel such as the ones here are separate claims for purposes of the exhaustion requirement. *See Jones v. Jones*, 163 F.3d 285, 297 (5th Cir. 1985).

Petitioner admits that he never presented his second and fourth claims to the Texas Court of Criminal Appeals during direct appeal or state habeas proceedings and thus presents these grounds for the first time. (Dkt. 1 at 12). These claims are separate claims for purposes of the exhaustion requirement and thus Petitioner was required to fairly present these claims to the state courts before bringing them to a federal court. Consequently, the Court cannot grant Petitioner's application for writ of habeas corpus with respect to Petitioner's second and fourth claims.

---

[11] Deter v. Collins, 985 F.2d 789, 795 (5th Cir. 1993).
[12] Picard v. Conner, 404 U.S. 270, 275 (1971).

With respect to Respondent's argument that Petitioner's second and fourth claims are procedurally barred, the Court acknowledges that Petitioner would be cited for abuse of the writ were he to present the claims in another application for state writ of habeas corpus. Tex. Code Crim. Proc. 11.07 § 4; *see Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). Consequently, Petitioner may not obtain relief here absent one of two conditions: Petitioner must either (a) show cause for the default and actual prejudice attributable to the default or (b) show that the federal court's failure to consider the claim will result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In order to satisfy the latter condition, Petitioner must show that he is actually innocent of the crime for which he was convicted. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992).

Petitioner fails to meet either of the two conditions. Nothing in the record reveals an attempt by Petitioner to show cause for failing to raise his second and fourth claims or actual prejudice attributable to his failure to raise the claims. Nor does Petitioner allege that he is actually innocent of the crime for which he was convicted. Accordingly, the Court finds that Petitioner's second and fourth claims are procedurally barred from federal habeas corpus review.

### 2. Petitioner's Second and Fourth Claims are Meritless

Respondent argues that, in addition to being unexhausted and procedurally barred, Petitioner's second and fourth claims are meritless because Petitioner waived them by entering a guilty plea. (Dkt. 16 at 25). The Court agrees.

"It is well settled that by entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the proceedings below." *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) (citing *United States v. Barrientos*, 668 F.2d 838, 842 (5th Cir. 1982)). Consequently, the Court limits Petitioner's challenge here to issues concerning the voluntariness of the plea, his

understanding of the charges against him, and his understanding of the consequences of the plea. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

While Petitioner argues that his counsel was ineffective for failing to pursue an insanity defense, Petitioner has not shown that his counsel's actions caused him to plead guilty without a full understanding of the nature of the charges against him or the consequences of his plea. *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1389 (5th Cir. 1995). In fact, the record reveals written admonishments filed and admitted into evidence. (Dkt. 17, Attach. 3 at 13). Moreover, Petitioner failed to rebut the presumption of regularity accorded these records. 28 U.S.C. § 2254(e)(1); *see Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986).

Finally, while Petitioner claims that his counsel was ineffective for failing to get a jury instruction on the intoxication defense, (Dkt. 2 at 15-16), there was no jury to instruct. As Respondent notes, Petitioner pleaded guilty, waived a jury, and had the trial court impose punishment. (Dkt. 17, Attach. 3 at 40-46). Petitioner's comparison to the Texas Supreme Court decision in *Taylor v. State* is inappropriate here because, as he himself notes, there was a jury to instruct in *Taylor*. (Dkt. 2 at 17). Furthermore, Petitioner's fourth claim fails the first prong of the *Strickland* test because Petitioner has not shown that his counsel's performance fell below an objective standard of reasonableness. Counsel's performance cannot be said to have fallen below an objective standard of reasonableness for failure to get a jury instruction on an intoxication defense where there is no such jury to instruct. Accordingly, the Court finds Petitioner's fourth claim meritless.

### Recommendation

For the foregoing reasons, the Magistrate Judge recommends that the District Court **GRANT** Respondent's motion for summary judgment. (Dkt. 16).

### Notice of Right to Object

Petitioner may object to this Report and Recommendation. 28 U.S.C. § 636(b)(1). If he files objections within fourteen days after being served with a copy of this Report, the District Court will review *de novo* the findings or recommendations to which he objects. § 636(b)(1)(C). The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If Petitioner does not timely object, he forfeits his right to District Court review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, if Petitioner does not object and then the District Court accepts this Report's findings and legal conclusions, on appeal such findings and conclusions will be reviewed only for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996).

SIGNED this 26th day of February, 2018.

_____
GUILLERMO R. GARCIA
United States Magistrate Judge